786 A.2d 296 (2001)
Logan STIFFLER, Petitioner,
v.
INSURANCE COMMISSIONER OF the COMMONWEALTH OF PENNSYLVANIA, Respondent.
Commonwealth Court of Pennsylvania.
Submitted on Briefs October 9, 2001.
Decided November 1, 2001.
Terry W. Despoy, Altoona, for petitioner.
Kandi Ann Davis, Harrisburg, for respondent.
Before COLINS, Judge, FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.
McCLOSKEY, Senior Judge.
Logan Stiffler (Stiffler) petitions for review of an adjudication and order of the Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner), affirming the decision of the Catastrophic Loss Benefits Continuation Fund (CAT Fund), denying Stiffler reimbursement for expenses and the cost of special equipment to allow him to travel and hunt in the woods. We affirm.
The facts of this case are not in dispute. Stiffler was involved in a motor vehicle accident on April 23, 1988. As a result of this accident, Stiffler sustained, among other injuries, dislocation of the T4 through T6 vertebrae. These injuries rendered *297 Stiffler a complete T4-5 paraplegic.[1] Stiffler is eligible for CAT Fund benefits.[2] Additionally, Stiffler has reached the maximum level of medical improvement and can ambulate only through the use of a wheelchair. Further, Stiffler receives assistance from a home health aid approximately ten hours per week. However, Stiffler does have a driver's license and he is able to operate a motor vehicle modified with hand controls.
Prior to his accident, Stiffler engaged in hunting and hiking through the woods on a regular basis. Obviously, he is no longer able to ambulate through the woods for these purposes.[3] Stiffler has attempted to obtain a modified vehicle or specially made piece of equipment, and even attempted to modify a vehicle himself, in order to gain access to the hunting areas and woods. Stiffler has been unsuccessful in his efforts, incurring approximately $11,000.00 in expenses in pursuing the same. Stiffler recently located a piece of equipment, called a Kale-Kart, which can be built to order and specially modified for his purposes. The cost of the Kale-Kart is $14,881.34.
Inserveco is the third-party administrator for the CAT Fund. Stiffler submitted a request to Inserveco for reimbursement of the $11,000.00 expenses he incurred, as well as $14,881.34 for purchase of the Kale-Kart. At the request of Inserveco, Stiffler submitted to an independent medical examination by Dr. Vincent F. Morgan. Following his exam, Dr. Morgan issued a report concluding that Stiffler's use of a Kale-Kart to engage in hunting would only be a hobby which had no medical benefit and, therefore, was not medically necessary as statutorily required. Inserveco thereafter denied Stiffler's request by letter dated October 4, 1999.[4] Stiffler next requested review by the CAT Fund's claims manager, but he upheld the denial by letter dated December 20, 1999. On January 14, 2000, Stiffler filed an appeal of the CAT Fund's denial with the Commissioner's office, requesting a formal administrative *298 hearing. The Commissioner appointed a presiding officer and the case proceeded via stipulations in lieu of hearings and subsequent briefs. On October 3, 2000, the Commissioner issued her adjudication and order affirming the CAT Fund's denial.[5] Stiffler thereafter filed his petition for review with this Court.
On appeal,[6] Stiffler argues that the Commissioner erred as a matter of law in affirming the decision of the CAT Fund. More specifically, Stiffler argues that the CAT Fund was required to purchase a Kale-Kart for him as a reasonable and necessary expense of medical treatment and/or rehabilitative services. We must disagree.
As noted above, Section 1761 of the now-repealed MVFRL defined "catastrophic loss benefits" as payments "for those reasonable and necessary expenses only for medical treatment and rehabilitative services." The CAT Fund provisions of the MVFRL did not define reasonable and necessary "rehabilitative services." However, other provisions of the MVFRL may provide some guidance. Section 1712(1) of the MVFRL, 75 Pa.C.S. § 1712(1), provides that an insurer in this Commonwealth shall make available first party benefits, including benefits for "reasonable and necessary medical treatment and rehabilitative services." This Section further provides that such "medical treatment and rehabilitative services" include, but are not limited to, "hospital, dental, surgical, psychiatric, psychological, osteopathic, ambulance, chiropractic, licensed physical therapy, nursing services, vocational rehabilitation and occupational therapy, speech pathology and audiology, optometric services, medications, medical supplies and prosthetic devices." Section 1702 further defines "necessary medical treatment and rehabilitative services" as "treatment, accommodations, products or services which are determined to be necessary by a licensed health care provider." 75 Pa.C.S. § 1702.[7]
Moreover, a party seeking expenses from the CAT Fund has the burden of proving that the same were accident-related and were reasonable and necessary forms of medical treatment and/or rehabilitative services. See Tagliati. In this case, the parties stipulated that Stiffler was an eligible claimant, i.e., Stiffler was rendered a paraplegic as a result of injuries sustained in an automobile accident on April 23, 1988. However, Stiffler presented no evidence, and appears not to even contend that the monies he already expended, as well as the cost of a Kale-Kart, were a reasonable and necessary form of medical treatment.[8]
*299 Instead, Stiffler contends that the same were a reasonable and necessary rehabilitative service. The Commissioner rejected this contention and set forth her interpretation of rehabilitative services, similar to that of the CAT Fund, as accommodations that assist or improve a party's ability to perform daily activities, thereby allowing him to function, care and provide for himself with some degree of independence. In other words, the Commissioner's interpretation of rehabilitative services focused upon normal, everyday activities. We believe this to be a proper interpretation.
There is no dispute that Stiffler has reached his maximum level of medical improvement. Furthermore, while we are sympathetic with Stiffler's condition and his desire to return to as normal a life as possible, he has presented no evidence that the use of the Kale-Kart would provide him with any improvement in his physical condition or any other rehabilitative benefit for that matter. Rather, such use would simply allow Stiffler to pursue a hobby or non-essential recreational activity.[9] Finally, as noted by the Commissioner in her brief to this Court, the CAT Fund has a statutory and fiduciary obligation to ensure the solvency of the CAT Fund for all eligible individuals. Unfortunate as it may be, extending the payment of benefits for items related to hobbies and recreational activities would certainly threaten that solvency.
Accordingly, the order of the Commissioner is affirmed.

ORDER
AND NOW, this 1st day of November, 2001, the order of the Insurance Commissioner of the Commonwealth of Pennsylvania is hereby affirmed.
NOTES
[1] As a result of the accident and subsequent injuries, Stiffler remains paralyzed below the nipple level throughout both lower extremities and torso.
[2] The Catastrophic Loss Trust Fund (Trust Fund) was established by Subchapter F of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §§ 1761-1769, now repealed. The Pennsylvania Insurance Department was charged with the administration and enforcement of the MVFRL and the Trust Fund. 75 Pa.C.S. § 1704(b). The Trust Fund was funded by an annual assessment levied upon all motor vehicles required to be registered in the Commonwealth. 75 Pa.C.S. §§ 1762, 1764, now repealed. "Catastrophic loss benefits" were defined as payments "for those reasonable and necessary expenses only for medical treatment and rehabilitative services." 75 Pa.C.S. § 1761, now repealed. Subchapter F of the MVFRL was then repealed by the Act of December 12, 1988, P.L. 1120. Nevertheless, the payment of catastrophic loss benefits was preserved for persons suffering such loss prior to June 1, 1989, by Section 7(a) of the Act of April 26, 1989, P.L. 13, as amended, 75 Pa.C.S. § 1798.2(a). In other words, benefits for these persons remain payable as if the Trust Fund legislation had not been repealed. In order to preserve these benefits, the General Assembly created the CAT Fund described above and transferred all funds from the defunct Trust Fund to the CAT Fund. 75 Pa.C.S. § 1798.4.
[3] In 1996, Stiffler did obtain a special permit from the Game Commission enabling him to hunt from a vehicle on the side of a road, including designated roads in state game lands.
[4] Inserveco advised Stiffler that the MVFRL mandates that the CAT Fund only pay for medical and rehabilitative services that are reasonable, medically necessary and accident-related. Inserveco further advised Stiffler that it was denying his request based upon the report of Dr. Morgan, which concluded that the Kale-Kart was neither medically necessary nor reasonable.
[5] In her adjudication, the Commissioner concluded that Stiffler had failed to meet his burden of establishing that the cost of special equipment to allow him to travel and hunt in the woods was a reasonable or necessary medical treatment or rehabilitative expense.
[6] Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.
[7] There appears to be no Pennsylvania appellate authority directly on point with this issue. However, our Superior Court has previously been called upon to determine whether thermographic studies were a reasonable and necessary medical treatment under Section 1712(1) of the MVFRL. See Tagliati v. Nationwide Insurance Company, 720 A.2d 1051 (Pa.Super.1998), petition for allowance of appeal denied, 559 Pa. 706, 740 A.2d 234 (1999).
[8] In fact, Dr. Morgan, who performed an independent medical examination of Stiffler at the request of Inserveco, the third-party administrator for the CAT Fund, concluded that Stiffler's use of a Kale-Kart to engage in hunting would only be a hobby which had no medical benefit and, therefore, was not medically necessary.
[9] As indicated above, Stiffler has received a special permit from the Pennsylvania Game Commission enabling him to hunt from a vehicle on the side of a road, including designated roads in state game lands.